IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES REED,                            :
                                       :
              Plaintiff,               :          CIVIL NO. 4:CV-09-0310
                                       :
       v.                              :          Hon. John E. Jones III
                                       :
WARDEN DOMINICK DeROSE, *et al.*,      :
                                       :
              Defendants.              :

## MEMORANDUM

March 3, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Plaintiff James Reed filed this *pro se* civil rights action pursuant to 42 U.S.C.

§ 1983 while he was confined at the Dauphin County Prison in Harrisburg,

Pennsylvania. He subsequently was released. Named as Defendants are the following

employees of the Dauphin County Prison: Warden Dominick DeRose, Captain Mark

Jeszenka, Captain Madden, and Captain Patrick Corkle[1]. Plaintiff seeks to hold

Defendants liable for his extended confinement at the Dauphin County Prison after his

immediate release was directed by the Dauphin County Court of Common Pleas on

---

[1]The "Records Department" also was named as a Defendant, but because it is not a person within the meaning of § 1983, the Records Department was not a proper defendant in the instant action. *See Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973))

February 13, 2009.

Service of the Complaint was directed by Order dated June 10, 2009. (Doc. 8.) Presently before the Court is a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) that was filed on behalf of Defendants on August 24, 2009. (Doc. 12.) After being directed to file his opposition by Order dated October 8, 2009 (Doc. 14), Reed filed his opposition brief on October 15, 2009 (Doc. 15). Therefore, the Motion is ripe for disposition. For the reasons set forth below, the Motion will be granted.

## I.    STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in

2

order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief", and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d at 232 (citing *Twombly*, 550 U.S. at 555 n. 3). "[A] complaint must allege facts suggestive of [the proscribed] conduct, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 563 n.8. Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555 n. 3).

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on

the merits." *Id.* at 231 (citing *Twombly*, 550 U.S. at 555-56, 563 n.8). Rule 8 "'does not impose a probability requirement at the pleading stage', but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Id.* at 234 (quoting *Twombly*, 550 U.S. at 556).

## II.    ALLEGATIONS OF COMPLAINT

Reed alleges that, on February 13, 2009, he was sentenced in the Dauphin County Court of Common Pleas to time served from September 17, 2008 through February 13, 2009. (*Id.* at 2 ¶ 1.) A fine of $225.00 was imposed, and Reed's immediate release was directed. (*Id.*) Upon his return to the Dauphin County Prison at 10:30 a.m., Reed was told that the court had not faxed paperwork for his release. (*Id.* ¶ 2.) At 6:30 p.m., Reed was told that Cumberland County had a detainer against him. (*Id.*) However, Reed claims that the detainer in Cumberland County was dismissed on December 16, 2008 after he appeared in Cumberland County Court and was sentenced on a bad check charge to one year probation and directed to pay a fine of $239.00. (*Id.* ¶ 3.)

On February 13, Defendant Jeszenka checked the computer and verified that the Cumberland County detainer no longer existed. (*Id.* ¶ 4.) Reed was told that a release order would be submitted to records by 9:00 a.m. the next morning and that he would

4

be released. (*Id.*)

The next morning, February 14, 2009, at 9:00 a.m., Reed was told that nobody was working in the Records Department that day because it was a Saturday and that he should "try 2nd shift." (*Id.* ¶ 5.) Reed alleges that, on that same date at 2:30 p.m., he contacted Defendant Madden "and was told he would file release order and get back to me he never responded back." (*Id.*)

On Sunday, February 15, 2009 at 10:00 a.m., Reed alleges that he contacted Defendant Corkle "and was told I would have to wait until someone came to work in Records to enter the information in computer for my release maybe 2/17/09." (*Id.* ¶ 6.)

As relief, Reed requests immediate release from the Dauphin County Prison. (*Id.* at 3 § V. ¶ 1.) He also requests the following monetary relief: reimbursement for his unlawful incarceration, loss of freedom, and loss of wages in the amount of $2,500 per day; relief for his loss of marital rights in the amount of $1,000 per day; relief for the pain and anguish his wife and family suffered waiting in the parking lot for eight (8) hours for his release at the rate of $40.00 per hour; the $350.00 filing fee for this action; and reimbursement for phone calls to friends and attorneys in the amount of $30.00. (*Id.* ¶ 2.) He claims that, if he were released on February 17, 2009, he would

be entitled to $14,700.00.  (*Id.* ¶ 3.)

## III.    DISCUSSION

### A.    Defendant DeRose

To state a § 1983 claim, a plaintiff must plead two essential elements:

(1) the conduct complained of was committed by a person acting under color of state

law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity

secured by the Constitution or laws of the United States.  *Nicini v. Morra*, 212 F.3d

798, 806 (3d Cir. 2000).  Furthermore, "[a] defendant in a civil rights action must

have personal involvement in the alleged wrongs; liability cannot be predicated solely

on the operation of *respondeat superior*."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207

(3d Cir. 1988).  However, the personal involvement requirement may be satisfied by a

showing of "personal direction or of actual knowledge and acquiescence."  *Id.; Pansy*

*v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994), *aff'd mem.*, 61 F.3d 896 (3d Cir.

1995).

Reed's Complaint does not contain any allegations against Defendant DeRose.

As such, it appears that Reed seeks to hold him liable solely in his capacity as warden

of the Dauphin County Prison.  Therefore, the instant Motion to Dismiss will be

granted as to Defendant DeRose on the basis that the Complaint fails to allege the

requisite personal involvement on his part.

### B.     Deliberate Indifference

Reed seeks to hold remaining Defendants Jeszenka, Madden and Corkle liable for his extended confinement at the Dauphin County Prison after his immediate release was directed by the Dauphin County Court of Common Pleas on Friday, February 13, 2009.  We construe his claim as alleging that his detention constituted cruel and unusual punishment in violation of the Eighth Amendment.

Imprisonment beyond the term to which an inmate is sentenced may constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989).  In *Sample*, the Third Circuit Court of Appeals concluded that the record supported the district court's determination that a prisoner's Eighth Amendment rights were violated when he was imprisoned for nine months and eight days beyond the expiration of his sentence.  *Sample*, 885 F.2d at 1110-11.  However, in that case, the Court also held that there can be no Eighth Amendment liability where a prisoner alleges that he has been unlawfully held beyond the expiration of his sentence absent "a showing of deliberate indifference on the part of the defendant to whether the plaintiff suffers an unjustified deprivation of his liberty." *Id.* at 1110.  The Court described the three elements that a plaintiff must

demonstrate in order to establish liability for incarceration without penological justification as follows:

> To establish § 1983 liability in this context, a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Id.*

In *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993), the Third Circuit Court of Appeals concluded that the district court properly determined that an inmate was not subjected to cruel and unusual punishment when he was imprisoned for three months after the expiration of his term. 986 F.2d at 687. In examining the district court's determination that the plaintiff failed to show deliberate indifference on the part of the prison official defendants, the Court observed that a plaintiff may recover under § 1983 on an Eighth Amendment claim only where he establishes that a defendant acted "intentionally or with a state of mind described as deliberate indifference to deprivation of the victim's constitutional rights." *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294 (1991)). In particular, the Court recognized that "[d]eliberate indifference has

been demonstrated in those cases where prison officials were put on notice and then simply refused to investigate a prisoner's claim of sentence miscalculation." *Id.* (citing *Alexander v. Perrill*, 916 F.2d 1392, 1398 (9th Cir. 1990); *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985).

Preliminarily, the Court notes that the plaintiffs in *Sample* and *Moore* were detained beyond the termination of their sentences for periods of just over nine months and three months, respectively. The *Sample* Court recognized that "[d]etention for a *significant* period beyond the term of one's sentence inflicts a harm of a magnitude similar to that involved in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)]." *Sample*, 885 F.2d at 1109. Reed was detained for four (4) days after his release from the Dauphin County Prison was directed and was released on the next business day after his release was directed.[2] As such, it is unclear whether this relatively short period of extended confinement constitutes a sufficient harm to trigger an Eighth Amendment violation. *See Sample*, 885 F.2d at 1109.

---

[2]A search for the Offender Number Reed provided on the first page of his Complaint, 38860, on the VINELink website, which provides the custody status of inmates in the custody of county facilities through Pennsylvania's Victim Notification Service, PA SAVIN, reveals that Reed was released from the Dauphin County Prison on Tuesday, February 17, 2009. *See* https://www.vinelink.com/vinelink/siteInfoAction.do?siteId=39000. Because Reed's release was directed on February 13, 2009, a Friday, and Monday, February 16, 2009 was President's Day, a federal holiday, his release on Tuesday, February 17, 2009, occurred on the next business day after his release was directed.

Notwithstanding whether the length of time during which Reed was confined after his release was directed is sufficient to state a claim, accepting his allegations as true, Reed fails to establish § 1983 liability under the three elements identified in *Sample*. *See Sample*, 885 F.2d at 1110. Although he alleges that he contacted Defendants Jeszenka, Madden, and Corkle to inquire as to when he would be released, and therefore has satisfied the first *Sample* element that they were aware that he was being held after his release was directed, he fails to allege facts sufficient to show that their responses constituted deliberate indifference to his situation. *See id.* The *Sample* Court observed that, "[a]mong the circumstances that are relevant to a determination of whether the requisite attitude was present are the scope of the official's duties and the role he or she played in the everyday life of the prison." *Id.* The Court added that "if a prison official knows that, given his or her job description or the role he or she has assumed in the administration of the prison, a sentence calculation problem will not likely be resolved unless he or she addresses it or refers it to others, it is far more likely that" the prison official acted with deliberate indifference. *Id.* In the instant case, Defendants Jeszenka, Madden, and Corkle all were employed as captains at Dauphin County Prison at the time of the events alleged in the Complaint, and therefore, as indicated by their responses to Reed's inquiries,

10

their duties do not include the final processing that is necessary to release inmates. Nevertheless, we will address the allegations against each of the Defendants in turn.

As to Defendant Jeszenka, Reed does not allege that Jeszenka took any intentional action to prolong his detention. To the contrary, it appears that Jeszenka reasonably responded to Reed by advising him that an order directing his release would be submitted to the Records Department by the next morning.

With regard to Defendant Madden, accepting as true Reed's allegation that Madden responded to his inquiry by stating that he would file a release order and get back to him, but he never responded back, this allegation is insufficient to establish deliberate indifference by Madden. At most, his failure to report back to Reed constitutes negligence. Mere negligent conduct is not sufficient to establish a violation of constitutional rights for which compensation may be awarded. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

As to Reed's allegation that, when he contacted Defendant Corkle, he was "told I would have to wait until someone came to work in Records to enter the information in computer for my release maybe 2/17/09," this allegation fails to suggest an intentional refusal to assist Reed that rises to the level of deliberate indifference. (*See* Doc. 1 at 2 ¶ 6.) The allegation shows that Corkle did not act with deliberate

indifference, but rather believed that Reed's issue would be resolved without further action on his part.  In sum, accepting Reed's allegations as true, the remaining Defendants' actions do not exhibit the "highly unreasonable conduct or . . . gross departure from ordinary care" necessary to constitute deliberate indifference.  *See Moore,* 986 F.2d at 686 (citing *Haygood v. Younger* 769 F.2d 1350 (9th Cir. 1985) (mere negligent conduct is insufficient to impose liability).

If a complaint is subject to a Rule 12(b)(6) dismissal, as is the case here, a district court must permit a curative amendment or explain why amendment would be futile.  *See Phillips v. Allegheny County,* 515 F.3d 224, 245-46 (3d Cir. 2008); *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004).  It does not matter whether or not a plaintiff seeks leave to amend.  *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver,* 213 F.3d 113, 116 (3d Cir. 2000)).  Amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted.  *In re Alpharma Inc. Sec. Litig.,* 372 F.3d 137, 153 (3d Cir. 2004).  Thus, futility is governed by the same standard of legal sufficiency as a Rule 12(b)(6)motion to dismiss.  *Id.* at 153-54.  If a claim would still be deficient even after the pleading was amended, leave to amend should not be granted.  In this case, no amendment would establish that Defendants' actions rose to the level of deliberate

indifference such that Reed could establish liability under § 1983 for an Eighth Amendment violation.  Therefore, amendment would be futile, and dismissal of the Complaint will be with prejudice.  An appropriate Order will enter.